# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CYRUSONE LLC, | § | |
| | § | Civil Action No. 4:21-cv-263 |
| *Plaintiff* | § | Judge Mazzant |
| | § | |
| v. | § | |
| | § | |
| JANE HSIEH, | § | |
| | § | |
| *Defendant* | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant's Amended Motion to Dismiss or, in the Alternative, to Transfer (Dkt. #10). Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

## BACKGROUND

This case concerns an alleged breach of contract and trade secret misappropriation by a former employee. Plaintiff CyrusOne, LLC, is a Texas company that designs, builds, and operates data centers across the world. These data centers provide customers a location to securely house their servers and computing equipment. Defendant Jane Hsieh is a former Account Director for Plaintiff, whose job consisted of selling data center and telecommunication services to customers. Defendant primarily sold products to customers located in China but worked remotely from California for the majority of her employment.

Defendant worked for Plaintiff from March 5, 2018, to January 29, 2021. Upon resigning from the company, Defendant immediately began working in a similar role for one of Plaintiff's competitors, Aligned Data Services, LLC. Plaintiff also discovered suspicious activity on Defendant's company-issued laptop, suggesting she accessed confidential information prior to her

departure. According to Plaintiff, these actions violated a Non-Disclosure and Non-Competition Agreement that Defendant signed when originally hired.

On March 22, 2021, Plaintiff filed this lawsuit against Defendant in a Denton County state court (Dkt. #7 at p. 4). On March 30, 2021, Defendant removed the case to federal court (Dkt. #1). On May 3, 2021, Defendant filed this Amended Motion to Dismiss (Dkt. #10). On May 18, 2021, Plaintiff filed a Response (Dkt. #17), to which Defendant filed its Reply on May 24, 2021 (Dkt. #19). Plaintiff filed a sur-reply on June 1, 2021 (Dkt. #21).

## LEGAL STANDARD

### 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the

purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted). However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 609 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id*.

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

**12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded

facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**28 U.S.C. § 1404(a)**

Section 1404 permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of § 1404 "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . .'" *Van Dusen,* 376 U.S. at 616 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960)).

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties consent to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once that threshold inquiry is met, the Fifth Circuit has held "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are neither exhaustive nor exclusive, and no single factor is dispositive. *Id.*

The party seeking transfer of venue must show good cause for the transfer. *Id.* The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Id.* at 315 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. And while the multi-factor analysis is informative, ultimately, "the district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

## ANALYSIS

### I.    12(b)(2)

Defendant moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction. Defendant argues that California, not Texas, is the proper forum because the forum selection clause in Defendant's Employment Agreement is unenforceable. Defendant also argues, absent the forum

selection clause, that she lacks minimum contacts to establish personal jurisdiction in Texas. Plaintiff responds that Defendant consented to personal jurisdiction in Texas because the forum selection clause she signed is reasonable.

Personal jurisdiction can be waived by an enforceable forum selection clause in which the parties consent to personal jurisdiction in a specified forum. *Burger King*, 471 U.S. at 473 n.14. When analyzing the enforceability of a forum selection clause, "federal law applies . . . in both diversity and federal question cases." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516 (1974)). Under federal law, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

A forum selection clause may be unreasonable when the movant shows: (1) it is the product of fraud or overreaching; (2) it violates a strong public policy of the forum; (3) enforcement of the clause effectively deprives plaintiff of their day in court; or (4) fundamental unfairness of the chosen law will deprive plaintiff of a remedy. *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). The movant bears "'a heavy burden of proof.'" *Carnival Cruise Lines, Inc.*, 499 U.S. at 592 (quoting *M/S Bremen*, 407 U.S. at 17). If the clause is found to be reasonable, the court must then determine whether the claims arise under the forum selection clause. *Ginter ex rel. Ballard v. Belcher, Predergrast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (citing *Marinechance Shipping Ltd. v. Sebastian*, 143 F.3d 216, 222–23 (5th Cir. 1998)).

Additionally, courts must determine whether the forum selection clause is mandatory or permissive. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). "A party's

consent to jurisdiction in one forum does not necessarily waive that party's right to have an action heard in a different forum." *City of New Orleans v. Mun. Admin. Serv., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004); *accord Caldas & Sons*, 17 F.3d at 127. "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans*, 376 F.3d at 504 (*citing Keaty v. Freeport Indon., Inc.*, 503 F.2d 955 (5th Cir. 1974)).

Here, the parties do not dispute that the forum selection clause is mandatory or that Plaintiff's claims are within the scope of the clause. The clause provides:

> Employee agrees that this Agreement shall be governed by the laws of the State of Texas, without giving effect to any conflict of law provisions. Employee further voluntarily consents and agrees that the state or federal courts located in Denton County, Texas: (i) must be utilized solely and exclusively to hear any action arising out of or relating to this Agreement; and (ii) are a proper venue for any such action and Employee consents to the exercise by such court of personal jurisdiction over Employee for any such action.

(Dkt. #10, Exhibit 1 at p. 4). The clause contains clear language that jurisdiction is appropriate only in state and federal courts located in Denton County, Texas. As such, Texas has personal jurisdiction over Defendant unless the forum selection clause is otherwise unreasonable.

Considering the reasonableness factors, the Court finds that the forum selection clause is reasonable and therefore enforceable. The clause was not incorporated into the contract by fraud, is not gravely unfair, does not deprive Defendant of a remedy, and would not contravene a strong public policy of Texas. *See Haynsworth*, 121 F.3d 963. Defendant does not overcome the "heavy burden of proof" to make a "clear showing" that any of these circumstances exist. *Id.*

Defendant's chief argument is that she was not represented by an attorney when she signed the employment contract. This argument is unpersuasive because fraud refers to the insertion of the forum selection clause itself, not the validity of the contract in its entirety. *See Huawei*

*Technologies Co., Ltd. V. Yiren Huang*, No. 4:17-CV-893, 2018 WL 1964180, at *6 (E.D. Tex. Apr. 25, 2018). Defendant may have lacked legal representation when she signed the contract, but that does not demonstrate how incorporation of the individual clause is the product of fraud. *Id.*

Further, Defendant does not provide argument regarding the other unreasonableness factors. The clause is not fundamentally unfair because Defendant traveled to Texas several times during her employment and there is no indication Plaintiff inserted the clause to discourage employees from pursing legitimate claims. *See Cline v. Carnival Corp.*, No. 3:13–CV–1090, 2014 WL 550738, at *3 (N.D. Tex. Feb. 12, 2014) (citing *Carnival Cruise Lines*, 499 U.S. at 595). The clause would not deprive Defendant of a remedy because she can travel to Texas to mount a defense whenever her appearance is required. Moreover, the clause does not contravene a strong public policy of Texas because the state has a significant interest in protecting local companies, like Plaintiff. Applying the reasonableness factors, the forum selection clause is enforceable.[1]

Having found the clause enforceable, the Court notes that Defendant has contractually agreed to personal jurisdiction in Texas. Defendant's argument is that "[b]ecause the Agreement is governed by California law, and because under California law the forum selection clause is invalid, [Defendant] did not contractually agree to personal jurisdiction in Texas." (Dkt. #10 at p. 15). The relevant portion of the provision is as follows: "Employee further voluntarily consents and agrees that the state or federal courts located in Denton County, Texas . . . are a proper venue for any such action and Employee consents to the exercise by such court of personal jurisdiction

---

[1] The Court is also unpersuaded by Defendant's argument regarding choice-of-law and California Labor Code section 925. Though section 925 attempts to protect in-state residents from forum selection clauses, the enforceability of a forum selection clause is governed by federal law. Contrary to Defendant's assertions, the Court need not consider the California statute because the Court does not need to determine which state's law applies to the case at this stage of the litigation. It is enough that federal law governs the present dispute and none of the reasonableness factors support invalidating the clause.

over Employee for any such action." (Dkt. #10, Exhibit 1 at p. 4).

Because the forum selection clause is enforceable, Defendant did contractually agree to personal jurisdiction in Texas. Though there may be the question of whether this Court, sitting in Grayson County, would have personal jurisdiction based on the forum selection clause that specifies only courts sitting in Denton County, Defendant did not properly raise this argument. Defendant should have presented an argument in the alternative arguing that even if the forum selection clause was enforceable—which the Court found that it is—it does not establish personal jurisdiction in this specific Court. Having failed to raise this argument, the Court need not address it, and the argument is waived.[2]

Accordingly, because the forum selection clause is enforceable, the Eastern District of Texas is an appropriate forum, and Plaintiff's Amended Complaint should not be dismissed for lack of personal jurisdiction.

## II.     12(b)(6)

After reviewing the Amended Complaint and relevant motions, the Court finds that Plaintiff has stated plausible claims against Defendant upon which relief could be granted. Therefore, Defendants Motion to Dismiss is denied on Rule 12(b)(6) grounds.

---

[2] The case was properly filed in the state court for Denton County. The Sherman Division is the proper federal division for cases removed from Denton County state courts. *See* 28 U.S.C. § 124(c)(3) ("The Sherman Division comprises the counties of Collin, Cook, Delta, Denton, Fannin, Grayson, Hopkins, and Lamar. Court for the Sherman Division shall be held at Sherman and Plano."). When cases are removed to the Sherman Division, the cases are assigned to either District Judge residing in Sherman or Plano. *See* General Order 21-08 (setting the division of cases to fifty percent of all cases filed within the Sherman Division going to Judge Sean Jordan and the other half coming to this Court's docket). The facts of this case present the unique scenario where the removal was done properly, but the case was assigned to the Court in Sherman, Texas, and not the Court in Plano, Texas.

      The City of Plano is comprised of Collin and Denton Counties. Britannica, The Editors of Encyclopaedia. "Plano." *Encyclopedia Britannica*, 23 Mar. 2020, https://www.britannica.com/place/Plano-Texas. Accessed 6 July 2021. Had the case been assigned to the Plano courthouse, there would be less of a question of whether the forum selection clause permitted the case to proceed in Plano. However, because Defendant did not properly present this argument—and the Court finding that the exercise of personal jurisdiction over these parties would be fair and reasonable—any objection to personal jurisdiction on this ground has been waived.

## III.    28 U.S.C. § 1404(a)

In the alternative, Defendant asks the Court to transfer this case under 28 U.S.C. § 1404(a). The Court begins by noting that when there is an enforceable, mandatory forum-selection clause, the Court conducts a modified analysis under § 1404(a). *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.,* 571 U.S. 49, 61–63 (2013). When a contract contains a valid forum-selection clause, the clause represents the parties' agreement as to the most proper forum, which means the Court need not address the private interest factors. *See id.* at 62–63; *see also* "Adjustments to § 1404(a) analysis for forum-selection clause," O'Connor's Federal Rules * Civil Trials Ch. 3-K § 2 (2021 ed.) ("The only factors the [moving party] likely needs to address are the public-interest factors for transferring venue; because the court will deem the private-interest factors in favor of the preselected forum, the [moving party] does not need to address those factors.") (citing *Atl. Marine Const. Co., Inc.,* 571 U.S. at 64; *Mendoza v. Microsoft, Inc.,* 1 F.Supp.3d 533, 549 (W.D. Tex. 2014)).

Here, Defendant does not concede the validity of the forum-selection clause, but Defendant does recognize that if the Court finds the clause is valid, enforceable, and mandatory, the Court only considers the public interest factors in the § 1404(a) analysis (Dkt. #10 at p. 21). Consequently, Defendant focuses its analysis on the public interest factors. Defendant asserts that the first, third, and fourth public interest factors are neutral but claims the second factor weighs in favor of transferring the case to California (Dkt. #10 at p. 22). Plaintiff counters by claiming that none of the factors weigh in favor of transfer (Dkt. #17 at p. 28). The Court will address each public interest factor in turn.[3]

---

[3] The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315.

**A. Court Congestion**

For the 12-month period ending on December 31, 2020, the median time from filing to trial in civil cases was 17.5 months in the Eastern District of Texas. For the 12-month period ending on December 31, 2020, in the Northern District of California, the median time from filing to trial was 37.6 months. *See* Federal Court Management Statistics, December 2020, https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2020, accessed on June 1, 2021. The twenty-month difference aside, on May 28, 2021, the Court entered a Scheduling Order (Dkt. #20) setting the dates for this case with a trial window between May 2, and June 3, 2022. Consequently, this factor weighs greatly in favor of keeping the case in the Eastern District of Texas.

**B. Local Interest**

Defendant claims the second factor weighs strongly in favor of transfer (Dkt. #10 at p. 22). Defendant claims she is a resident of California and that she signed and negotiated the Agreement in California (Dkt. #10 at p. 22). Further, Defendant claims that if the Court restrains her from competing with Plaintiff, the restrictions will apply to Defendant's conduct in California as a California resident (Dkt. #10 at p. 22). Plaintiff claims Texas has an interest in protecting local plaintiffs that are injured here (Dkt. #17 at p. 22). The Court agrees that it has an interest in protecting local plaintiffs injured here. At the very least, this factor weighs slightly against transferring the case.

**C. Familiarity with the Law**

The third factor is neutral. Defendant admits that likely both Texas and California law may be applicable in this case. The Court notes that Texas law will certainly apply in this case, and even if California law is also applicable, because Texas law will be applied, this factor weighs

slightly against transferring the case.

**D. Avoidance of Problems with Conflicts of Law or Foreign Law**

Defendant admits that she does not have any evidence that any foreign law may be applicable to this matter (Dkt. #10 at p. 22). The Court finds that this factor does not weigh in favor of transferring.

Therefore, the Court finds that Defendant has failed to carry her burden in establishing that California is a clearly more convenient venue. Consequently, the Court denies Defendant's Motion to Transfer.

**CONCLUSION**

It is therefore **ORDERED** that Defendant's Amended Motion to Dismiss or, in the Alternative, to Transfer (Dkt. #10) is **DENIED**.

**SIGNED this 13th day of July, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE